110-08/MM
FREEHILL, HOGAN & MAHAR LLP
80 Pine Street
New York, New York  10005-1759
(212) 425-1900
Mark F. Muller
MM 7985

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
HUGO ROMAN,                                    DEFENDANTS'
                                               ANSWER TO
                        Plaintiff,             PLAINTIFF'S
                                               COMPLAINT

            -against-                          08 CIVIL 1873
                                                  (JSR)
WORLD YACHT, INC., and
CIRCLE LINE SIGHTSEEING YACHTS, INC.,

                        Defendants.
------------------------------------------x

Defendants, by their attorneys, Freehill, Hogan & Mahar LLP answer plaintiff's Complaint upon information and belief as follows:

FIRST:  Defendants admit the allegations contained in paragraphs numbered "1," "2," "3," "4" and "17" of the Complaint.

SECOND:  Answering paragraph numbered "5" of plaintiff's Complaint, defendants deny any knowledge or information sufficient to form a belief, as to whether the plaintiff was at any time its seaman employee within the meaning of the Act of Congress of June 5, 1920, Section 33 and within the meaning of the Act of Congress of April 22, 1908, Chapter 149.

NYDOCS1/300539.1

THIRD: Defendants deny each and every allegation contained in paragraphs numbered "6" and "7" of the Complaint and refer all questions of law to the Court.

FOURTH: Defendants admits the allegations contained in paragraphs numbered "8, "10," "12" and "14" of the Complaint except for those portions of the vessel, its tackle, gear and/or equipment which were owned, operated, controlled and/or maintained by plaintiff, passengers, charterers and/or independent contractors.

FIFTH: Defendants deny each and every allegation contained in paragraphs numbered "9," "11," "13," "15," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "29," "30," "32" and "33" of the Complaint.

SIXTH: Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "16" of the Complaint.

SEVENTH: Answering paragraphs numbered "28" and "31" of the Complaint, defendants repeat and reiterate each and every answer and denial contained in paragraphs numbered "FIRST through SIXTH" inclusive of its Answer to the Complaint with the same force and effect as though fully set forth at length herein.

### AS AND FOR A FIRST DEFENSE

EIGHTH: If the plaintiff sustained any injuries and/or illnesses as alleged in the Complaint, said injuries and/or illnesses were caused in whole or in part by plaintiff's own negligence and were not caused or contributed to in any manner by the defendants.

### AS AND FOR A SECOND DEFENSE

NINTH: If the plaintiff received any injuries and/or illnesses as alleged in the Complaint, said injuries and/or illnesses were caused in whole or in part by plaintiff's own failure to perform the duties assumed as a term of her employment.

### AS AND FOR A THIRD DEFENSE

TENTH: Defendants allege upon information and belief that the matters and things, if any, complained of in the Complaint were done, occasioned and incurred without the privity or knowledge of the defendants.

ELEVENTH: That the amount of damages alleged in said Complaint exceed the amount or value of the defendants' interest in said vessel and her freight then pending and the defendants invoke the benefits of the Revised Statutes of the United Stats (46 U.S.C. §181-189) and the various statutes supplementary

thereto and amendatory thereof in limitation of the liability of the shipowner under which provisions, should the defendants be held liable for or by reason of the matters, or any of them, set forth in the complaint, the plaintiff is not entitled to recover damages therefor in a sum in excess of the amount or value of the defendants' interest in the vessel and freight then pending at the time of the occurrence alleged in the Complaint.

## AS AND FOR A FOURTH DEFENSE

TWELFTH:  Prior to the commencement of this action, Plaintiff was paid a sum of money (exact amount to be supplied) for and on account of the alleged injuries and/or illnesses which are the subject of this action.

## AS AND FOR A FIFTH DEFENSE

THIRTEENTH:   Co-defendant CIRCLE LINE SIGHTSEEING YACHTS, INC. did not own, operate, control and/or maintain the M/V DESTINY and did not employ plaintiff, and is not a proper defendant.

WHEREFORE, defendants demand that the Complaint be dismissed with costs and attorneys' fees to the defendants as against the plaintiff and that the Court grant to the defendants such other, further and different relief as the justice of the cause may require.

Dated: New York, New York
       March 14, 2008

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendants

BY _____
Mark F. Muller
80 Pine Street
New York, New York  10005-1759
(212) 425-1900
**MM 7985**

TO: STEVEN L. BARKAN, ESQ.
    Attorney for Plaintiff
    445 Broad Hollow Road, Suite 25
    Melville, NY  11747
    Tel: 516-358-3688
    Fax: 631-881-0818